**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARVIN H. MAURRAS REVOCABLE TRUST, DERIVATIVELY AND ON BEHALF OF ACCRETIVE HEALTH, INC., | ) ) ) ) |
| PLAINTIFF, | ) ) |
| vs. | ) ) ) |
| EDGAR M. BRONFMAN, JR., J. MICHAEL CLINE, STEVEN N. KAPLAN, STANLEY N. LOGAN, DENIS J. NAYDEN, ARTHUR H. SPIEGEL, III, MARY A. TOLAN, MARK A. WOLFSON, | ) Case No. 12-cv-03395 ) ) Judge: Hon. Gary Feinerman ) ) Oral Argument Requested Pursuant to ) Local Rule 47.1(b) |
| DEFENDANTS, | ) ) |
| and | ) ) |
| ACCRETIVE HEALTH, INC. | ) ) ) |
| NOMINAL DEFENDANT. | ) ) |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**</u>

## Table of Contents

Page

**INTRODUCTION**..................................................................................................................1

**BACKGROUND** ...................................................................................................................2

**ARGUMENT** .........................................................................................................................6

**I.     Plaintiff Fails To Meet Pre-Suit Demand Requirements.** .................................7
      A.     Legal Standard. ..........................................................................................7
      B.     Plaintiff Fails To Plead With Particularity Why Demand Was Excused.................9

**II.    Plaintiff Fails To State A Claim For Breach Of The Fiduciary Duty Of
      Loyalty.** ...................................................................................................................11
      A.     Legal Standard. ........................................................................................11
      B.     Plaintiff's Complaint Does Not Contain Sufficient Allegations To Support
              Its Claim That The Director Defendants Breached Any Fiduciary Duties............12

**CONCLUSION** ....................................................................................................................15

# Table of Authorities

**Page(s)**

## Cases

*Aronson v. Lewis*,
473 A.2d 805 (Del. 1984) ................................................................................... passim

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................. 13

*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*,
845 A.2d 1040 (Del. 2004) ................................................................................. 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................. 13

*Breakaway Solutions, Inc. v. Morgan Stanley & Co. Inc.*,
2004 WL 1949300 (Del. Ch. Aug. 27, 2004) ................................................... 16

*Brehm v. Eisner*,
746 A.2d 244 (Del. 2000) ...................................................................................... 8

*Desimone v. Barrows*,
924 A.2d 908 (Del. Ch. 2007)............................................................................ passim

*Fink v. Weill*,
No. 02 Civ. 10250 (LTSRLE), 2005 WL 2298224 (S.D.N.Y. Sept. 19, 2005)............... 10

*Garza ex rel. Navistar Int'l Corp. v. Belton*,
No. 08C1387, 2010 WL 3324881 (N.D. Ill. Aug. 13, 2010).................................. 8, 11, 12

*Guttman v. Huang*,
823 A.2d 492 (Del. Ch. 2003).............................................................................. 15

*Hernandez v. Midland Credit Mgmt., Inc.*,
2006 WL 695451 (N.D. Ill. Mar. 14, 2006)........................................................ 3

*In re Abbott Labs. Derivative Shareholders Litig.*,
325 F.3d 795 (7th Cir. 2003) .............................................................................. 8, 9, 12

*In re Alloy, Inc.*,
No. 5626-VCP, 2011 WL 4863716 (Del. Ch. Oct. 13, 2011) .......................... 14

*In re Morgan Stanley Derivative. Litig.*,
542 F. Supp. 2d 317 (S.D.N.Y. 2008)................................................................ 10

*Kamen v. Kemper Fin. Servs., Inc.*,
    500 U.S. 90 (1991) ........................................................................................... 8

*Mitchell ex rel. Broadwind Energy, Inc. v. Reiland*,
    No. 11C1059, 2012 WL 1755677 (N.D. Ill. May 15, 2012) ............................ 7

*Oakland Cnty. Emps' Ret. Sys. v. Massaro*,
    736 F. Supp. 2d 1181 (N.D. Ill. 2010) ...................................................... 8, 13

*Quereguan v. New Castle County*,
    Civil Action No. 20298-NC, 2006 WL 2522214 (Del. Ch. Aug. 18, 2006).................... 16

*Rales v. Blasband*,
    634 A.2d 927 (Del. 1993) ...................................................... 9, 10, 11

*Robotti & Co. v. Liddell*,
    No. 3128-VCN, 2010 WL 157474 (Del. Ch. Jan. 14, 2010) ........................... 17

*RSM Prod. Corp. v. Fridman*,
    643 F.Supp. 2d 382 (S.D.N.Y. 2009)........................................................... 15

*Saginaw Police & Fire Pension Fund v. Hewlett-Packard Co.*,
    No. 10-cv-4720 EJD, 2012 WL 967063 (N.D. Cal. Mar. 21, 2012) ............... 16

*Seminaris v. Landa*,
    662 A.2d 1350 (Del. Ch. 1995).................................................................... 9

*Speigel v. Buntrock*,
    571 A.2d 767 (Del. 1990) ........................................................................... 8

*Starrels v. First Nat'l Bank of Chi.*,
    870 F.2d 1168 (7th Cir. 1989)............................................................... 12, 13

*State of Minnesota v. Accretive Health, Inc.*,
    No. 12-00145 (D. Minn. 2012) .................................................................... 5

*Stone v. Ritter*,
    911 A.2d 362 (Del. 2006) ........................................................................... 9

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
    845 A.2d 1031, 1035 (Del. 2004) ............................................................... 2

*Weinberger v. UOP, Inc.*,
    457 A.2d 701 (Del. Ch. 1983), *aff'd*, 497 A.2d 792 (Del. 1985).................... 13

**Other Authorities**

8 Del. C. § 141(a)......................................................................................... 8

Defendants Edgar M. Bronfman, Jr., J. Michael Cline, Steven N. Kaplan, Stanley N. Logan, Denis J. Nayden, Arthur H. Spiegel, III, Mary A. Tolan, Mark A. Wolfson (collectively "Director Defendants") and Accretive Health, Inc. ("Accretive" or the "Company," and with Director Defendants, the "Defendants") submit this Memorandum of Law In Support Of Defendants' Motion To Dismiss.

## INTRODUCTION

Relying solely on disputed claims against Accretive made by a single state attorney general, Plaintiff Marvin H. Maurras Revocable Trust ("Plaintiff") brings this derivative action against the Company (as nominal defendant) and against the members of the Accretive Health Board of Directors (the "Board," which comprises the Director Defendants). Plaintiff's Verified Shareholder Derivative Complaint ("Complaint") asserts two claims: one for purported violations by the Director Defendants of their fiduciary duties of loyalty and another seeking contribution and indemnification from the Director Defendants on behalf of the shareholders of the Company. Plaintiff's Complaint suffers from critical pleading defects that warrant dismissal of all of Plaintiff's claims on at least two independent grounds:

First, to assert derivative claims on behalf of Accretive, Plaintiff must *either* demand that the Accretive Board address the misconduct that Plaintiff seeks to remedy by its suit *or* state with particularity in its Complaint why making such a demand would be futile. Plaintiff concedes that it did not make any demand on the Accretive Board; but Plaintiff also fails to allege any facts suggesting that the Board was not independent—a Board for which ***seven of the eight directors were independent***—or that the Board could not fairly assess such a demand. Put simply,

Plaintiff cannot show that demand was futile. On this basis alone, Plaintiff's Complaint should be dismissed in its entirety.[1]

Second, for all of Plaintiff's bluster concerning the disputed claims at issue, its Complaint lacks a critical component for a shareholder derivative suit: any tie, whatsoever, between the alleged misconduct and the Accretive Board. The fact is that none of the "Substantive Allegations" found in Section V of the Complaint identify any failure by the Director Defendants to discharge properly their fiduciary duties. Indeed, Plaintiff's sources do not mention Accretive's Directors *at all*. The Complaint utterly lacks any particularized allegations regarding the alleged breach of the duties of loyalty by the Director Defendants, thereby failing to state a claim for which relief can be granted. With no claim remaining on which to base liability against the Director Defendants, Plaintiff's second count for contribution and indemnification is not ripe. It, too, must fail, and the Complaint dismissed in its entirety.

## BACKGROUND

Accretive Health is a Delaware corporation with its principal place of business in Chicago, Illinois. (Compl. ¶ 6.) Accretive provides services to hospitals and hospital systems in several states across the U.S. (*Id.* ¶ 34.) In particular, Accretive assists healthcare providers by improving their ability to manage the non-medical aspects of their business, such as patient registration, insurance and benefit verification, medical treatment documentation and coding, bill

---

[1]    To the extent that Plaintiff's breach of fiduciary duty claim is dismissed on this ground, so too will Plaintiff's claim for indemnification and contribution fail. Although Count II is not captioned a derivative claim, the Complaint acknowledges that Plaintiff seeks indemnification and contribution "on behalf of Accretive Health," (Compl. ¶ 51), i.e., derivatively, *see Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004) ("The analysis [of whether a claim is direct or derivative] must be based solely on the following questions: who suffered the alleged harm—the corporation or the suing stockholder individually—and who would receive the benefit of the recovery or other remedy?"), and that Plaintiff does so without first having made a demand, (Compl. ¶ 42).

preparation, and collections. (*Id.* ¶ 7.) By relying on Accretive to help with these non-medical services, healthcare providers can focus on what they do best—providing medical care and treatment to patients. (*Id.*) In addition to providing services to hospitals and hospital systems, Accretive also helps healthcare providers by working directly with patients to explain insurance and public assistance eligibility, thereby helping patients understand their own financial obligations for their medical care. (*See, e.g.*, Ex. A, Accretive Form 10-K filed Feb. 29, 2012 at 5, 7, 8.)[2]

One of the states in which Accretive offers services is Minnesota. (*See, e.g.*, Compl. ¶ 26.) In connection with its work in the state, Accretive recently became the target of the Minnesota Attorney General's Office, which launched an investigation into the Company and subsequently filed a related lawsuit. (*See id.* ¶¶ 24-25.) Not satisfied with its efforts against Accretive in Minnesota, however, the Minnesota Attorney General has orchestrated a nationwide media campaign against the Company, including giving numerous television and print interviews to trumpet her release of a so-called "Compliance Review," in which she cherry-picked and mischaracterized selected quotations from dozens of confidential documents that were voluntarily produced by Accretive Health. (*See, e.g.*, *id.* ¶ 34.) Although Accretive vehemently contests all allegations of wrongdoing asserted by the Attorney General, the unfortunate result of the publicity following the media campaign is that Accretive continues to be subjected to meritless, piggyback lawsuits—lawsuits just like this one.

---

[2] This Court may take judicial notice of the contents of public record disclosure documents filed with the U.S. Securities and Exchange Commission, such as attached Exhibit A. *See, e.g.*, *Hernandez v. Midland Credit Mgmt., Inc.*, 2006 WL 695451, at *4 (N.D. Ill. Mar. 14, 2006).

Plaintiff is an Accretive shareholder and files its suit derivatively on behalf of Accretive (named as a nominal defendant) against the Company's directors. (*Id.* ¶¶ 1, 5.) Unfortunately for Plaintiff, in its rush to file this suit, it neglected to take any steps whatsoever to raise its claims with Accretive's Directors. Failing to make a demand of the Board undermines the "cardinal precept" that "directors, rather than shareholders, manage the business and affairs of the corporation." *Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984) (citing 8 Del. C. § 141(a)). Plaintiff's failure to make a demand upon the Board is particularly troubling here because—as specifically set out in the Company's March 30, 2012 Proxy Statement cited in Plaintiff's Complaint—seven out of the eight Director Defendants are independent directors and thus well-suited to ferreting out problems within the Company. (Compl. ¶ 7; *see also* Ex. B, Accretive Proxy Statement issued Mar. 30, 2012 ("Proxy Statement") at 17 ("Our board of directors has affirmatively determined that each of Messrs. Bronfman, Cline, Kaplan, Logan Nayden, Spiegel and Wolfson is 'independent' in accordance with Section 303A.02(b) of the NYSE Listed Company Manual.").) In bypassing the demand process, Plaintiff has baselessly "impinge[d] on the managerial freedom of directors." *Aronson*, 473 A.2d at 811.

Plaintiff's Complaint, filed May 3, 2012, asserts one claim against all Director Defendants for breach of the fiduciary duty of loyalty and one claim for contribution and indemnification related to the alleged breach. (Compl. ¶¶ 44-51.) In addition to several forms of declaratory relief, Plaintiff's Complaint seeks to recover "hundreds of millions of dollars of financial and reputational damages" purportedly caused by the Director Defendants' breach of their fiduciary duties. (*Id.* ¶ 1.) The Complaint alleges that the Director Defendants "were intentionally derelict and/or consciously disregarded" their fiduciary duties of loyalty "by making several decisions for which there was no valid business justification, including, but not

-4-

limited to, systematically and pervasively violating health privacy laws, state debt collection laws and state consumer protection laws." (*Id.* at 2.)

Plaintiff's vague references are as far as its allegations go; its Complaint is otherwise bare of any details regarding the "decisions" of the Director Defendants that supposedly form the basis for Plaintiff's claim. Nowhere in the Complaint does Plaintiff identify what these "decisions" were, when they were made, or by whom—much less does Plaintiff allege conduct so severe as to constitute "intentional[]" dereliction or "conscious[]" disregard of fiduciary duties. In place of specific allegations, Plaintiff quotes extensively from a report released by the Minnesota Attorney General and related press coverage. (*See id.* ¶¶ 24-25, 28, 29, 31, 33, 34.) That report alleged that Accretive violated certain provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936, as well as the Health Information Technology for Economic and Clinical Health Act ("HITECH"), amending HIPAA, Pub. L. No. 111-5, 123 Stat. 226, in addition to certain federal and state consumer protection and debt collection laws. (*Id.* ¶¶ 24-25.) But the Minnesota Attorney General's allegations are just that: allegations; they are not properly relied upon by Plaintiff as the basis for a derivative suit. Additionally, as discussed, the Company has vigorously and publicly denied the allegations raised by the Attorney General, filing a motion to dismiss the lawsuit. *See* Ex. C, Motion to Dismiss, *State of Minnesota v. Accretive Health, Inc.*, No. 12-00145 (D. Minn. 2012). But perhaps most relevant to these proceedings, neither the Minnesota Attorney General's report nor any related press coverage even hint at any failure by the Director Defendants to discharge properly their fiduciary duties. Indeed, they do not mention Accretive's Directors ***at all***.

In fact, the only allegations in the Complaint that are directed at the Director Defendants consist of a series of bare, conclusory statements—unsupported by a single factual allegation—

aimed at excusing Plaintiff from its legal obligation to demand that the Company assert this suit on its own behalf.  Specifically, Plaintiff alleges that a "majority of the Board is interested and lacks independence," thereby excusing Plaintiff from making a pre-suit demand.  (Compl. ¶ 43.)  But not surprisingly, Plaintiff—having raced to the courthouse and having failed to investigate its claims—does not cite any evidence demonstrating that the Director Defendants are interested or lack independence, presumably because seven of the eight Director Defendants are independent directors.  (*Id.* ¶¶ 9-17, 43; *see also* Ex. B, Proxy Statement at 17.)  As a second justification offered by Plaintiff to excuse it from making a pre-suit demand, Plaintiff states that "all current Board members have demonstrated their unwillingness and inability to address the claims alleged herein."  (Compl. ¶ 43.)  Yet again, Plaintiff does not cite even a single fact to support its claim, and it does not allege any efforts on its part (*e.g.*, correspondence or communications with anyone at Accretive, including the Board) that led it to reach these conclusions about the Board's alleged "unwillingness" to address Plaintiff's concerns.  Instead, having failed to make any effort at all to engage the Board, Plaintiff simply declares the existence of a "reasonable doubt that a majority of the Director Defendants could have properly exercised independent and disinterested business judgment in responding to such a demand." (*Id.*)  As set forth below, these conclusory allegations do not form the basis of a proper derivative suit and Plaintiff's Complaint should be dismissed in its entirety.

## ARGUMENT

Plaintiff's Complaint is devoid of the type of plausible allegations necessary to survive a motion to dismiss, and it should be dismissed for two independent reasons:  <u>first</u>, Plaintiff fails to meet pre-suit demand requirements, and <u>second</u>, Plaintiff fails to state a claim for breach of the fiduciary duty of loyalty.  As discussed further below, the Complaint should be dismissed in ites entirety for either and both of these reasons.

## I. Plaintiff Fails To Meet Pre-Suit Demand Requirements.

Plaintiff concedes that it did not demand that the Accretive Board address any alleged misconduct. And its Complaint fails to plead with any particularity why such a demand, presented to a Board with seven out of eight independent Directors, would have been futile. That is the beginning and end of it. To assert a derivative claim on behalf of the Company, Plaintiff must either make a demand on the Accretive Board or plead with particularity why such a demand would be futile. Because Plaintiff fails to do either, its Complaint should be dismissed.

### A. Legal Standard.

Plaintiff concedes that it did not make any demand on the Accretive Board before bringing this suit. (Compl. ¶ 42.) Accordingly, to survive a motion to dismiss, the heightened pleading standard set out in Federal Rule of Civil Procedure ("FRCP") 23.1(b)(3) requires that Plaintiff "***state with particularity***" "the reasons for . . . not making the effort." (emphasis added); *see also Mitchell ex rel. Broadwind Energy, Inc. v. Reiland*, No. 11C1059, 2012 WL 1755677, at *3 (N.D. Ill. May 15, 2012). Plaintiff has not—and cannot—do so.

The demand requirement "is a recognition of the fundamental precept that directors manage the business and affairs of corporations," *Aronson v. Lewis,* 473 A.2d 805, 814 (Del. 1984), which includes controlling litigation brought on the corporation's behalf, *Speigel v. Buntrock*, 571 A.2d 767, 773 (Del. 1990).[3] The requirement is "more than a pleading requirement, it is a substantive right of the shareholder and the directors." *In re Abbott Labs. Derivative Shareholders Litig.*, 325 F.3d 795, 804 (7th Cir. 2003). It prevents "a stockholder

---

[3] Because Accretive is a Delaware corporation, the substantive law of Delaware governs whether failure to make demand is excused. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108–09 (1991); *see also Oakland Cnty. Emps' Ret. Sys. v. Massaro*, 736 F. Supp. 2d 1181, 1188-89 (N.D. Ill. 2010); *Garza*, 2010 WL 3324881, at *4.

[from] caus[ing] the corporation to expend money and resources in discovery and trial in the stockholder's quixotic pursuit of a purported corporate claim based solely on conclusions, opinions or speculation." *Brehm v. Eisner*, 746 A.2d 244, 255 (Del. 2000). Indeed, shareholder demand is excused only under "extraordinary conditions." *Kamen*, 500 U.S. at 96.

Thus, to satisfy the requirement that a plaintiff plead demand futility with particularity, a plaintiff must do more than simply state "in conclusory terms that [plaintiff] made no demand because it would have been futile." *Garza ex rel. Navistar Int'l Corp. v. Belton*, No. 08C1387, 2010 WL 3324881, at *4 (N.D. Ill. Aug. 13, 2010); *see also In re Abbott Labs.*, 325 F.3d at 804 (stating same). Rather, the plaintiff must allege particularized facts about the challenged wrongdoing such as what the board did, when it did it, what it discussed, what conclusions it reached, and why it did or did not act. *See Desimone v. Barrows*, 924 A.2d 908, 951 (Del. Ch. 2007) (finding plaintiffs had not shown demand futility because they did not allege particularized facts "about what the [target board] did, when they did it, what they discussed, what conclusions they reached, and why the board did or did not do anything.")

Here, Plaintiff's claims are not based on any specific transaction, and as a result, the demand futility test articulated in *Rales v. Blasband* applies. 634 A.2d 927 (Del. 1993); *see also Stone v. Ritter*, 911 A.2d 362, 367 (Del. 2006) (applying *Rales* to oversight claim). That standard requires that a plaintiff asserting demand futility plead particularized factual allegations raising "a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *Rales*, 634 A.2d at 934.[4] Plaintiff's Complaint does not contain particularized

---

[4] Where a specific transaction is challenged, demand is excused as futile where "the particularized facts alleged [create] a reasonable doubt . . . that: (1) the directors are disinterested and independent [or]
(Continued…)

allegations that raise a reasonable doubt that the Board could properly exercise its independent and disinterested business judgment in responding to a demand; accordingly, it does not plead demand futility, and the Complaint should be dismissed. *See id.* at 933.

### B. Plaintiff Fails To Plead With Particularity Why Demand Was Excused.

The Complaint contains ***no*** factual allegations explaining the basis for Plaintiff's failure to make a demand upon the Board, much less ***particularized*** allegations that go to supporting Plaintiff's claim. Plaintiff's claim of demand futility is based on two conclusory assertions: <u>first</u>, that "[a] majority of the Board is interested and lacks independence," and <u>second</u>, that "all current Board members have demonstrated an unwillingness and inability to address the claims alleged herein." (Compl. ¶ 43.) As neither of these assertions is supported by any facts, much less particularized facts, Plaintiff's Complaint should be dismissed. *See Rales*, 634 A.2d at 933.

<u>First</u>, Plaintiff alleges that a "majority of the Board is interested and lacks independence," thereby excusing Plaintiff from making a pre-suit demand. (Compl. ¶ 43.) Yet Plaintiff fails to plead even a single fact explaining ***which*** Directors are interested or lack independence or ***why*** this is so. Courts typically dismiss such unsupported, conclusory allegations as failing to state

---

(2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Aronson,* 473 A.2d at 812. The Complaint contains a generalized statement that the Director Defendants made "several decisions for which there was no valid business justification" (Compl. at 2), but nowhere does the Complaint challenge—or even identify—any specific action taken by even a single Director Defendant. Accordingly, *Aronson* does not apply. *See Seminaris v. Landa*, 662 A.2d 1350, 1354 (Del. Ch. 1995) (applying *Rales* where board allegedly "signed misleading statements . . . and conspired . . . to misrepresent the value of the corporation's stock" but complaint failed to "challenge any specific board action that approved or ratified these alleged wrongdoings"); *see also In re Morgan Stanley Derivative. Litig.*, 542 F. Supp. 2d 317, 322 (S.D.N.Y. 2008) (applying *Rales* where derivative plaintiff's allegations were "insufficiently particularized to allege a specific board decision" to omit information in SEC filings); *Fink v. Weill*, No. 02 Civ. 10250 (LTSRLE), 2005 WL 2298224, at *3 n.6 (S.D.N.Y. Sept. 19, 2005) (applying *Rales* where plaintiff proffered "generalized allegations that the defendant board members . . . participated" in the challenged activity).

demand excusal requirements with particularity, as required by the FRCP. *See Desimone*, 924 A.2d at 951; *see also Garza*, 2010 WL 3324881, at *6 (dismissing complaint for failure to allege demand futility where plaintiff "failed to plead any particularized facts suggesting that a majority of the members of the Board at the time he filed his complaint lacked disinterest or independence" and instead "repeatedly allege[d] in an entirely conclusory fashion that various Individual Defendants were incapable of disinterestedly and independently considering a demand").

More significantly, Plaintiff's assertion that a "majority of the Board is interested and lacks independence" likely stands unsupported because *it is simply not true*. With respect to independence—and as the lone facts set out in Plaintiff's Complaint on this point assert—seven of the eight Accretive Board members are identified as independent directors. (Compl. ¶¶ 9-17, 43; *see also* Ex. B, Proxy Statement at 17.) It is well-established that where, as here, a majority of independent directors exists to determine whether to bring suit on behalf of a company, demand is not futile. *See, e.g.*, *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1046 (Del. 2004). Additionally, directors are considered to be interested only when they "will receive a personal benefit from a transaction that is not equally shared by the stockholders," or when "a corporate decision will have a materially detrimental impact on a director, but not on the corporation and the stockholders." *Rales*, 634 A.2d at 936. Plaintiff's Complaint contains no allegations to support the assertion that a majority of the Accretive Board is somehow "interested" so as to make demand futile.

Second, Plaintiff also alleges that "all current Board members have demonstrated an unwillingness and inability to address the claims alleged herein." (Compl. ¶ 43.) Yet Plaintiff again fails to plead even a single fact alleging *when*, *where*, or *how* "all" or, indeed, any Board

-10-

members demonstrated their supposed "unwillingness." The law on this point is also clear: Plaintiff's conclusory allegations "need not be considered true in determining demand futility unless they are supported by specific facts." *Starrels v. First Nat'l Bank of Chi.*, 870 F.2d 1168, 1171 (7th Cir. 1989) (citations omitted). Courts routinely dismiss complaints based on such insufficiently particularized claims, as this Court should do here. *See Desimone*, 924 A.2d at 951; *Garza*, 2010 WL 3324881, at *6-7.

Put simply, the Complaint makes only a passing attempt to justify Plaintiff's claim of demand futility—an attempt that fails as a matter of law and compels dismissal of this case. *See In re Abbott Labs*, 325 F. 3d at 807 (rejecting plaintiff's assertion of demand futility where "[t]here were no allegations of improper motives of conflicts of interest," no "specific facts to indicate that any of the directors had divided loyalties," and little "presented allegations that any of the other directors profited in any way by their actions, or lack thereof"); *Aronson*, 473 A.2d at 814 (rejecting plaintiff's argument that demand was futile because, among other reasons, all current directors were named as defendants).

## II.  Plaintiff Fails To State A Claim For Breach Of The Fiduciary Duty Of Loyalty.

In addition to failing to satisfy demand requirements, Plaintiff's Complaint also lacks any facts to support Plaintiff's claim that the Director Defendants breached their duties of loyalty, thereby failing to state a claim for which relief can be granted. For this independent reason and because Plaintiff's second count for contribution and indemnification is not ripe, as discussed below, the Complaint should be dismissed in its entirety.

### A.  Legal Standard.

Under FRCP 12(b)(6), a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  A claim is "plausible" only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Allegations consisting of nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements," are insufficient as a matter of law.  *Id.* Moreover, complaints with allegations that raise only "the mere possibility of misconduct," do not state a plausible claim for relief and must be dismissed.  *Id.* at 679.  Here, Plaintiff fails to meet this pleading standard and its Complaint must be dismissed.

> **B.      Plaintiff's Complaint Does Not Contain Sufficient Allegations To Support Its Claim That The Director Defendants Breached Any Fiduciary Duties.**

As part of their fiduciary role, directors of Delaware corporations have a responsibility to adhere to a duty of loyalty, which requires "an undivided and unselfish loyalty to the corporation that demands that there shall be no conflict between duty and self-interest."  *Weinberger v. UOP, Inc.*, 457 A.2d 701, 710 (Del. Ch. 1983), *aff'd*, 497 A.2d 792 (Del. 1985).[5]  To plead a breach of the duty of loyalty under Delaware law, a plaintiff must allege facts supporting a reasonable inference that a director was "not both disinterested and independent" or "intentionally fail[ed] to act in the face of a known duty to act, demonstrating a conscious disregard for [his or her] duties.'"  *In re Alloy, Inc.*, No. 5626-VCP, 2011 WL 4863716, at *7 (Del. Ch. Oct. 13, 2011) (citations omitted).  Absent allegations to support such an inference, Delaware courts are extremely deferential to director action under the business judgment rule, on the presumption that "in making a business decision the directors of a corporation acted on an informed basis, in

---

[5]     As with demand futility, Delaware law applies to any breach of fiduciary duty analysis because Accretive is a Delaware corporation.  *See Oakland Cnty.*, 772 F. Supp. 2d at 976 (law of the state of incorporation applies); *see also Starrels*, 870 F.2d at 1170.

good faith and in the honest belief that the action taken was in the best interests of the company."
*Aronson*, 473 A.2d at 812.

Plaintiff has utterly failed to plead facts sufficient to state a claim that the Director Defendants breached their fiduciary duty of loyalty. As discussed, Plaintiff must allege facts sufficient to support a reasonable inference that a director was either not interested and independent or that a director intentionally failed to act in the face of a known duty to act, thereby demonstrating a conscious disregard for his or her duties. *See in re Alloy*, 2011 WL 4863716, at *7. For the reasons described in Section I, Plaintiff has made no showing that the Director Defendants were interested or not independent. *See supra* at Section I.B. Accordingly, if Plaintiff's breach of fiduciary duty claim is to survive a motion to dismiss, it must plead facts sufficient to allow a reasonable inference that the Director Defendants acted in bad faith to sustain a claim for breach of the fiduciary duty of loyalty. *See In re Alloy*, 2011 WL 4863716, at *7 ("In general, 'bad faith will be found if a fiduciary intentionally fails to act in the face of a known duty to act, demonstrating a conscious disregard for his duties.'" (citations omitted)); *see also Guttman v. Huang*, 823 A.2d 492, 506 (Del. Ch. 2003) (stating that breach of duty of loyalty claim "requires a showing that the directors breached their duty of loyalty by failing to attend to their duties in good faith. Put otherwise, the decision premises liability on a showing that the directors were conscious of the fact that they were not doing their jobs."). Plaintiff has not made this showing and its Complaint should be dismissed on this independent ground as well.

For its "Substantive Allegations," Plaintiff's Complaint relies entirely on information copied from public filings, the unproven allegations of the Minnesota Attorney General, and related press coverage. (*See* Compl. § V.) As a threshold matter, it is not proper for Plaintiff to assert a derivative suit on the basis of unproven allegations in a complaint that has not yet been

adjudicated. *See RSM Prod. Corp. v. Fridman*, 643 F.Supp. 2d 382, 403 (S.D.N.Y. 2009) ("[P]aragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of [FRCP] 12(f)").[6] Additionally, the mere fact that the company is being investigated—even if it is found to have engaged in wrongdoing—does not state a claim for breach of the duty of loyalty by the Accretive Directors. *See Desimone,* 924 A.2d at 940 ("Delaware courts routinely reject the conclusory allegation that because illegal behavior occurred, internal controls must have been deficient, and the board must have known so."); *Saginaw Police & Fire Pension Fund v. Hewlett-Packard Co.*, No. 10-cv-4720 EJD, 2012 WL 967063, at *7 (N.D. Cal. Mar. 21, 2012) ("The fact that HP was named as a defendant in the DOJ litigation or was the subject of FCPA investigations is not enough to conclude that the Director Defendants acted improperly and face a substantial risk of liability.") (Delaware law).

The fact remains that none of the "Substantive Allegations" found in Section V of the Complaint identify any failure by the Director Defendants to discharge properly their fiduciary duties. Indeed, Plaintiff's sources do not mention Accretive's Directors *at all*. The Complaint is utterly devoid of any factual allegations connecting the Director Defendants to any of Accretive's alleged misdeeds, much less allegations suggesting that the Director Defendants knowingly breached their duties. Accordingly, Plaintiff's claim for breach of fiduciary duties should be dismissed on this independent ground as well, as should Plaintiff's Complaint in its

---

[6]   Should the Court deny the instant motion, Defendants move in the alternative pursuant to FRCP 12(f) to strike portions of Plaintiff's Complaint that are based on, or rely on, unproven allegations of the Minnesota Attorney General. This would include, at a minimum, the following paragraphs of Plaintiff's Complaint: 24, 25, 28, and 29.

entirety.[7]  *See Desimone*, 924 A.2d at 931 (dismissing complaint for breach of fiduciary duty where plaintiff "pled no facts to suggest even the hint of a culpable state of mind on the part of any director."); *Robotti & Co. v. Liddell*, No. 3128-VCN, 2010 WL 157474, at *5 (Del. Ch. Jan. 14, 2010) (dismissing duty of loyalty claim because plaintiff did not plead sufficient facts to support inference that the actions of the Directors "worked a material personal gain to the Defendants at the expense of [the company] or the public stockholders.").

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.

---

[7]  With no claim remaining on which to base liability against the Defendant Directors, Plaintiff's claim for indemnification and contribution has not accrued.  *See Quereguan v. New Castle County*, Civil Action No. 20298-NC, 2006 WL 2522214, at *5 (Del. Ch. Aug. 18, 2006).  Accordingly, this Court should dismiss Plaintiff's Count II as unripe for adjudication.  *See Breakaway Solutions, Inc. v. Morgan Stanley & Co. Inc.*, 2004 WL 1949300, at *15-16 (Del. Ch. Aug. 27, 2004) (dismissing claim for indemnification in a shareholder class action where claim depended on underlying facts being litigated in other suits and where "[n]o 'judicial economy' would be achieved in this different forum consideration [plaintiff's] request at this time").

Dated: July 25, 2012                    Respectfully submitted,


                                        */s/  Leonid Feller*_____

                                        Leonid Feller
                                        KIRKLAND & ELLIS LLP
                                        300 North LaSalle Drive
                                        Chicago, IL 60654
                                        Telephone: (312) 862-2954
                                        Facsimile: (312) 862-2200
                                        leonid.feller@kirkland.com

                                        Andrew B. Clubok (*admitted pro hac vice*)
                                        Adam T. Humann (*admitted pro hac vice*)
                                        Melody Wells (*admitted pro hac vice*)
                                        KIRKLAND & ELLIS LLP
                                        601 Lexington Avenue
                                        New York, NY 10022
                                        Telephone: (212) 446-6400
                                        Facsimile: (212) 446-6460
                                        andrew.clubok@kirkland.com
                                        adam.humann@kirkland.com
                                        melody.wells@kirkland.com

                                        ***Attorneys for All Defendants***

                                        Moses Silverman (*admitted pro hac vice*)
                                        Thomas B. Sullivan (*admitted pro hac vice*)
                                        PAUL, WEISS, RIFKIND, WHARTON &
                                        GARRISON LLP
                                        1285 Avenue of the Americas
                                        New York, NY 10019
                                        Telephone: (212) 373-3355
                                        Facsimile: (212) 492-0355
                                        msilverman@paulweiss.com
                                        tsullivan@paulweiss.com

                                        ***Attorneys for Director Defendants***

-16-

## CERTIFICATE OF SERVICE

I, Leonid Feller, an attorney, hereby certify that I filed the MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS using the CM/ECF system on this 25th day of July, 2012.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Leonid Feller*