## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARVIN H. MAURRAS REVOCABLE TRUST, and YONGQIAN ZHAO, Derivatively and on Behalf of ACCRETIVE HEALTH, INC., <br><br>PLAINTIFFS, <br><br>vs. <br><br>EDGAR M. BRONFMAN, JR., J. MICHAEL CLINE, STEVEN N. KAPLAN, STANLEY N. LOGAN, DENIS J. NAYDEN, ARTHUR H. SPIEGEL, III, MARY A. TOLAN, MARK A. WOLFSON, <br><br>DEFENDANTS, <br><br>and <br><br>ACCRETIVE HEALTH, INC., <br><br>NOMINAL DEFENDANT. | Case Nos. 12 C 3395 & 12 C 6019 <br><br>Judge Feinerman |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court, dated March 27, 2015, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of February 25, 2015 (the "Settlement" or "Stipulation") (reproduced at Dkt. 181-1). Due and adequate notice having been given of the Settlement as required in the Notice Order, and the Court having considered all papers filed and evidence in support of the proposed Settlement, and attorneys for the respective parties having been heard, and an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Notice Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein and not otherwise defined shall have the same meanings set forth in the Stipulation and/or Notice Order.

2. This Court has jurisdiction over the subject matter of the Actions and over all Settling Parties to the Actions, including shareholders of Accretive Health, Inc. ("Accretive Health") who purchased stock on or before July 22, 2015.

3. The Notice of Pendency and Settlement of Shareholder Derivative Action ("Notice") has been given to shareholders of the Company pursuant to and in the manner directed by the Order dated March 27, 2015, proof of mailing of the Notice was filed with the Court, and full opportunity to be heard has been offered to all Settling Parties and Accretive Health shareholders.

4. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs as well as Accretive Health and its

shareholders. This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs and Defendants. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Settlement.

5. The Federal Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Company, Plaintiffs, on behalf of themselves and derivatively on behalf of Accretive Health, and the Releasing Persons, and against each of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. The Releasing Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons. By operation of the entry of this Final Judgment, the Releasing Persons, for themselves and their respective heirs, executors, administrators, predecessors, representatives, agents, successors, and assigns agree to waive, and shall be deemed to have waived, any and all rights and benefits which they now have, or in the future may have by virtue of the provisions of §1542 of the California Civil Code and any other similar law or provision with respect to the Released Claims, which section provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7. The Releasing Persons may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Releasing Persons shall have or shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Unknown Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and any other Releasing Persons shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

8. Each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged, the Releasing Persons and Plaintiffs' Counsel from all Released Claims (including Unknown Claims), based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims.

9. Plaintiffs' Counsel are hereby awarded attorneys' fees of $600,000.00, inclusive of expenses. This Court finds that this amount is fair and reasonable under the facts and circumstances of this case. Payment of such award shall be made in accordance with the provisions of the Stipulation.

10. Plaintiffs are hereby awarded incentive payments of $2,000 for each Plaintiff, in recognition of their efforts in initiating and pursuing this litigation. This amount shall be paid from the amount of attorneys' fees received by each of Plaintiffs' Counsel in connection with the award of attorneys' fees provided for in paragraph 9 above.

11. Any Fee and Expense Award shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing, fault or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, wrongdoing, omission or liability of any Defendant in any court of law or equity, arbitration tribunal, administrative proceeding in any court, administrative agency or other tribunal, or any other forum of any kind.

13. Defendants may file the Settlement and/or this Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim. In addition, nothing contained in this paragraph shall prevent the Settlement and this Final Judgment (or any agreement or order relating thereto) from being used, offered or received in evidence in any proceeding to approve, enforce or otherwise effectuate the Settlement (or any agreement or order relating thereto) or this Final Judgment, or to enforce or effectuate provisions of the Settlement, this Final Judgment, or the Proofs of Claim and Release as to the Defendants and their Related Parties.

- 6 -

14. The Court finds that during the course of the Federal Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Final Judgment and Order of Dismissal with Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

July 23, 2015                                            _____
                                                         United States District Judge